UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS BENNETT | Case Number: 22 CR 52<br><br>Hon. Jorge L. Alonso |

**GOVERNMENT'S UNOPPOSED MOTION
FOR HEARING PURSUANT TO *SELL v. UNITED STATES***

The UNITED STATES OF AMERICA, by its attorney MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, hereby moves the Court to hold a hearing under *Sell v. United States*, 539 U.S. 166 (2003), which the parties believe should be held at a time that takes into consideration the defendant's right to a speedy trial, and which is practicable to the Court and the parties.[1]

In early 2022, the defendant was charged by complaint, and later indictment, with transmitting a threat in interstate commerce, namely, words to the effect of "[Victim A] is getting murdered. I'm going to murder [Victim A] with my bare hands." (R. 1, 10.) At the time the defendant was arrested on January 28, 2022, he was located in the District of Montana. The defendant was ordered detained in Montana and removed to the Northern District of Illinois in February, arriving in March 2022.

During the defendant's initial appearance on March 4, 2022, the parties orally

---

[1] Counsel for the defendant is currently in trial until January 2024 before Judge Martha Pacold. Undersigned counsel will also be traveling in the second half of December 2023 for the holidays. Given the need to call a specialist from the FMC to testify about the defendant's treatment plan, the parties request a date for a potential *Sell* hearing not earlier than January 2024, or in the alternative, a brief telephonic status conference during which the parties can confer with the Court and agree to a date.

moved for an Order for Psychiatric Evaluation, which the Court granted. (R. 23, 24.) By letter dated June 10, 2022, the Federal Correctional Institution (FCI) Butner transmitted to the Court a forensic evaluation by Dr. Justin Rigsby dated June 7, 2022 finding that:

> The defendant's statements and behavior during the current evaluation did not reflect a sufficient factual understanding or court-related issues, nor a rational understanding of the charges against him. It is the professional opinion of the undersigned evaluator that Mr. Bennett is currently suffering from a severe mental disease or defect, namely, Unspecified Schizophrenia Spectrum and Other Psychotic Disorder, which renders him unable to assist properly in his defense.

Dr. Rigsby recommended that the defendant be restored to competency. On July 6, 2022, the Court committed the defendant to the custody of the Attorney General for restoration. (R. 28.) The defendant was thereafter committed to the Federal Medical Center (FMC) Devens, in Ayer, Massachusetts.

By letter dated October 5, 2023, forensic psychologist Dr. Miriam Kissin informed the Court that:

> Despite ongoing education and encouragement, Mr. Bennett has remained unwilling to accept psychiatric treatment. As such, there has been no discernable change in his underlying delusional thought process, which continues to undermine his rational understanding of his legal predicament and plans for resolving his charges.
>
> …
>
> [W]e anticipate submitting a report with an opinion regarding Mr. Bennett's competency . . . [i]n the interest of restoring Mr. Bennett to competency we will be requesting

> the Court to order treatment with psychotropic medication pursuant to Sell v. U.S. (539 US. 166). A treatment plan prepared by Mr. Bennett's treating psychiatrist will be enclosed, outlining the proposed treatment protocol.

In a report dated November 13, 2023, Dr. Kissin re-iterated her finding that the defendant is suffering from Szchizophrenia, Continuous rendering him "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" and recommended that the Court order treatment with psychotrophic medication pursuant to *Sell*, and submitted a proposed treatment protocol to the Court.

The government has conferred with counsel for the defendant. Counsel has agreed to stipulate to the defendant's mental incompetency. Therefore, it is the undersigned's understanding that no mental competency hearing is required, during which Dr. Kissin would testify as to the defendant's mental competency vel non. Neither current counsel for the defendant, Mr. Joshua Adams, nor defendant's prior counsel has successfully had a meaningful conversation with the defendant due to his mental state. In that regard, counsel for the defendant also concurs with the government and FMC that a *Sell* hearing is necessary, and that the defendant should receive medication to restore him to competency, assuming that the government meets its burden of establishing by clear and convincing evidence that (1) there are "important government interests" at stake; (2) "involuntary medication will significantly further those concomitant state interests;" (3) "involuntary medication is necessary to further those interests;" and (4) "administration of the drugs is

medically appropriate, *i.e.*, in the patient's best medical interest in light of his medical condition." *Sell v. United States*, 539 U.S. 166, 179-81 (2003); *see also United States v. Dillon*, 738 F.3d 284 (D.C. Cir. 2013).

WHEREFORE, the government respectfully requests that the Court set a hearing pursuant to *Sell v. United States*, and moves the Court to continue to exclude time until the *Sell* hearing under 18 U.S.C. § 3161 due to the government's pending pretrial motion, in the interests of justice, and to allow sufficient time to allow the defendant to be restored to competency. Counsel for the defendant does not object to this request.

Dated: November 21, 2023

    Respectfully submitted,

    MORRIS PASQUAL
    Acting United States Attorney

By:   */s/ Alejandro G. Ortega*
    ALEJANDRO G. ORTEGA
    Assistant United States Attorney
    United States Attorney's Office
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4129