IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America | Case No. 22 CR 52 |
| v. | |
| Thomas Bennett | Judge Jorge L. Alonso |

## Memorandum Opinion and Order

Defendant Thomas Bennett moves to transfer this case to the District of Montana. (ECF No. 64.) The Court denies Bennett's motion.

## Background

Bennett is charged with transmitting a threat in interstate commerce under 18 U.S.C. § 875(c) after he allegedly threatened to murder "Victim A." (Indictment, ECF No. 10.) According to the criminal complaint, Bennett called a 911 dispatcher in the area covering Evergreen Park, Illinois, on January 20, 2022, stated that he was going to murder Victim A, a Police Officer in the Evergreen Park Police Department, and threatened "Victim B," a former Evergreen Park police officer. (Compl. at 2–3, ECF No. 1.) Bennett was in Montana when he made the call. (*Id.* at 3.)

The case is set for trial in February 2025, and Bennett has filed an opposed motion to transfer this case to the District of Montana. (ECF Nos. 64, 65, 67.)

## Legal Standard

A court may transfer a case "to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b). Its decision to grant or deny a motion to transfer is discretionary. *See United States v. Philpot*, 733 F.3d 734, 740 (7th Cir. 2013). Various factors can inform a court's decision, including:

1. Defendant's location;

2. The location of possible witnesses;

3. The location of events likely to be in issue;

4. The location of documents and records likely to be involved;

5. The disruption to the defendant's business unless the case is transferred;[1]

6. The expense to the parties;

7. The location of counsel;

8. The relative accessibility of the place of trial;

9. The docket condition of each district involved; and

10. Any other special elements that might affect transfer.

*Platt v. Minnesota Min. & Mfg. Co.*, 376 U.S. 240, 243–44 (1964); *see also* Fed R. Crim. P. 21, advisory note 2010 ("This amendment requires the court to consider the convenience of victims . . . in determining whether to transfer all or part of the proceeding to another district for trial."). No factor is dispositive, and the court determines which factors are most important. *United States v. Morrison*, 946 F.2d 484, 489 n.1 (7th Cir. 1991).

## Discussion

Bennett argues this case is better suited for the District of Montana because that is where he was located when he allegedly called in death threats to this District,[2] and because the relevant evidence—phone records and recordings—can be easily transferred to another district. Bennett also contends that the District of Montana has fewer cases than does this District and so

---

[1] This factor is inapplicable here because Bennett is not a corporate defendant and does not operate a business.
[2] Bennett also claims that Montana police officers interviewed him upon his arrest. This appears to have been a misunderstanding, but it would not change the outcome as the bulk of the relevant locations and other factors more strongly favor denying transfer.

might try the case sooner, and adds that the alleged victims here, though based in Illinois, did not witness the crime and so might not need to testify at trial. The government responds that the relevant factors weigh against transfer, and the Court agrees.

The locations of Bennett, witnesses, victims, counsel, records, and the events at issue favor this District. All are in this District, except that Bennett happened to be in Montana when he allegedly made threats against Victims A and B—though those threats were received in this District. Even if relevant records could easily be transmitted to Montana, it would be inconvenient to transfer Bennett himself there and to require the victims and both parties' counsel to travel there, and there is no countervailing inconvenience of keeping the case in this District since little, if anything, needs to be transferred to this District. Moving the trial to Billings, Montana, located hundreds of miles away, similarly would be more expensive and less accessible than this District. *See United States v. Anderson*, No. 1:20-CR-213, 2022 WL 17082823, at *5 (S.D. Ind. Nov. 18, 2022).

As the government notes, Bennett also faces state criminal charges in the Circuit Court of Cook County, which is in the same area as this District, following his federal case. It is much more convenient for Bennett to face both his federal and his state charges in this District than for him to be transferred from here to Montana to face his federal charges and then back to this District to face his state charges. This further supports denying transfer.

The District of Montana's purportedly lighter caseload does not meaningfully favor transfer. Bennett's trial in this District is set for February 2025, and there is little reason to believe that Bennett would get an earlier trial date in the District of Montana considering the time required to transfer Bennett himself to that district, for the parties to prepare for a trial in that district, and for the court in that district to get up to speed on the case, address the remaining

pretrial matters, and set a trial date. *See United States v. Rutkoske*, 394 F. Supp. 2d 641, 647–48 (S.D.N.Y. 2005) ("It is highly unlikely that Defendant could schedule a trial date sooner in the District of New Jersey. Further, given the Court's familiarity with the issues and parties in this case, it cannot be said that a 'less crowded' docket would render a speedier resolution of the issues in this case."). Any potential time savings is minimal and is well outweighed by the factors disfavoring transfer. *See also United States v. Radley*, 558 F. Supp. 2d 865, 882–83 (N.D. Ill. 2008) ("Numerous courts have held that after the adoption of the Speedy Trial Act of 1974, the relative conditions of the courts' dockets are of minimal significance.").

When taken as a whole, the relevant factors weigh decisively against transferring this case to the District of Montana—none clearly favors transfer—and the Court cannot say that this case would be better off in Montana than in this District. *See In re Balsimo*, 68 F.3d 185, 187 (7th Cir. 1995); *see also United States v. Zylstra*, 713 F.2d 1332, 1336 (7th Cir. 1983) (the transfer inquiry "is one involving a realistic approach, fair consideration and judgment of sound discretion on the part of the district court") (cleaned up). The Court therefore declines to transfer this case.

## Conclusion

The Court denies Bennett's motion to transfer venue to the District of Montana (ECF No. 64).

**SO ORDERED.**                              **ENTERED: November 26, 2024**

                                                                              **HON. JORGE ALONSO**
                                                                              **United States District Judge**