IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | 22 CR 52 |
| THOMAS R. BENNETT, ) | Judge Jorge L. Alonso |
| ) | |
| Defendant. ) | |

**THOMAS BENNETT'S MOTION IN LIMINE TO
PERMIT FIRST AMENDMENT DEFENSE**

NOW COMES Defendant, THOMAS R. BENNETT, through his counsel, JOSHUA B. ADAMS, and respectfully requests that this honorable court enter an order permitting Mr. Bennett to raise a First Amendment defense. In support of his motion, Mr. Bennett states the following.

I. Background

According to the Complaint filed in this case, on January 20, 2022, while Mr. Bennet had been in Montana, he called a 911 Dispatcher located in Oak Lawn, Illinois, and threatened to kill Victim A. R.1 at 4. The agents assigned to this case reviewed the calls and identified Mr. Bennett as the caller who said he was in the Rockies and that it was "freezing cold." R.1 at 6. According to the agents, Victim A is a police officer, and

1

Victim B is a retired police officer. R.1 at 6. In these calls, Mr. Bennett expressed his frustration with Oak Park law enforcement, as well as law enforcement in general.

Furthermore, it is undisputed that Mr. Bennett had been in Montana at the time he allegedly made these calls. AT&T records for Mr. Bennett's service provider verified his location as in the District of Montana at all times in question. R.1 at 8. Mr. Bennett expressed his frustration with law enforcement and policies of various police departments in this 16-minute phone call. As a result, Mr. Bennett respectfully requests this honorable court permit him to raise a First Amendment defense to these charges.

II. Analysis

    1. Legal Standard

Section 875(c) provides "whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. §875(c).

"Because §875(c) criminalizes speech, the First Amendment requires that the term "threat" be limited to a narrow class of historically unprotected communications called "true threats." *Elonis v. U.S.*, 575 U.S. 723, 751 (2015)(Thomas, J., dissenting). "To qualify as a true threat, a

2

communication must be a serious expression of an intention to commit unlawful physical violence, not merely "political hyperbole"; vehement, caustic, and sometimes unpleasantly sharp attacks"; or "vituperative, abusive, and inexact" statements." *Id.*, citing *Watts v. United States*, 394 U.S. 705, 708 (1969).

Moreover, the intent of the speaker "cannot be determined solely by the reaction of the recipient but must instead "be determined by the interpretation of a reasonable recipient familiar with the context of the communication." *Id.*, quoting *United States v. Darby*, 37 F.3d 1059, 1066 (4th Cir. 1994). Plainly put, "constitutional rights may not be denied simply because of hostility to their assertion or exercise." *Id*.

2. Mr. Bennett merely expressed his frustration with law enforcement and did not intend his call as a true threat.

The Seventh Circuit has held that the determining whether a statement constitutes true threat is question which should be left to the trier of fact. *See United States v. Saunders,* 166 F.3d 907, 912 (7th Cir.1999) (holding that "whether the statement [contained in the defendant's letter to Judge Manning] constitutes a threat was an issue of fact for the jury to decide," in a case involving 18 U.S.C. § 115(a)(1)(B)); *United States v. Schneider,* 910 F.2d 1569, 1570 (7th Cir.1990) (holding that "[t]he threat in this case was ambiguous, but the

3

task of interpretation was for the jury ..." in a case involving 18 U.S.C. § 876).

Here, Mr. Bennett called the Oak Park 911 operator to express frustration over a detective he had previous interactions with several years prior. Mr. Bennett took the time to spell his name and give his date of birth. He even explained to the operator the reason for his call, and the basis for his frustration with government entities and specific individuals. In fact, Mr. Bennett several times stated, "they are all [expletive deleted]."

It is important to note that Mr. Bennett did not single out the detective. He expressed frustration with several different individuals in local government and law enforcement. He also referred to a civil suit against the detective that had been dismissed several years ago.

While ability to carry out the threat is not a defense to a §875(c) charge, it is relevant with respect to provide a First Amendment defense. A reasonable observer would not construe Mr. Bennett's speech as a true threat. He knew the call had been recorded and showed no concern. It is not reasonable to believe a caller like Mr. Bennett, located in Montana at the time he placed the call, would let the operator know his location and let the operator know he would complete the alleged threat upon his return to Illinois.

Sadly, it is more reasonable to think that if Mr. Bennett had any intent to cause harm, he would wait until he was back in Illinois and simply visit the police station. That was not, nor was ever his intent.

III. Conclusion

Therefore, Mr. Bennett respectfully requests that this Honorable Court permit him to raise a First Amendment defense against the indictment.

Respectfully submitted,

/s/Joshua B. Adams
Joshua B. Adams
Counsel for Thomas Bennett

Joshua B. Adams
LAW OFFICES OF JOSHUA B. ADAMS, P.C.
900 W. Jackson Blvd., Suite 7E
Chicago, IL 60604
(312) 566-9173